ALBANY,
October, 1824.

Jackson
v.
Travis.

JACKSON, *ex dem.* SMITH, *against* STILES, COMBS & GARRI-
SON, tenants.

*Where 2 defendants are sued jointly in ejectment, they have no right to enter into separate consent rules in the name of each alone.*

A DECLARATION having been served on *Combs & Garrison,* the notice from the casual ejector being directed to them joint-ly, they separately retained an attorney to appear, and he tendered separate consent rules to the attorney for the plaintiff, which mentioned one defendant only as being made defendant, without stating that he was impleaded with the other. The plaintiff's attorney refused to accept such a consent rule, and took a default, which

*J. Maynard,* now moved to set aside for irregularity.

*A. Gibbs,* contra.

*Curia.* The plaintiff is regular. The consent rule should have been in the name of both defendants.

Motion denied.

JACKSON, *ex dem.* PALMER and others, *against* TRAVIS.

*Several demises added in ejectment on payment of costs, it appearing that the lessors sought to be added had a subsisting legal title.*

L. H. PALMER, for the plaintiff, moved to amend the declaration, by adding demises from several lessors. The attorney for the plaintiff made an affidavit, on which the motion was founded, " that he is informed, and believes, that the title to one third of the premises in question had been vested in the lessors sought to be added, for the recovery of which premises it became necessary to add demises from them."

This was opposed by an affidavit on the part of the defendant, that the plaintiff's attorney had acknowledged that the claim of the lessors (who were sought to be added) was merely under a deed of trust, for the benefit of the present lessors, and that he believed that, as to all of them except one, they had not assented to the use of their names as lessors; that from conversations with the plaintiff's attorney, he en-

tertained no doubt that the beneficial interest was now ves-ted in the present lessors ; and that granting the motion would impose very great additional difficulty in making out the defence.

ALBANY,
October, 1824.

The People
v.
Richardson

*H. A. Othout,* contra.

*Curia.* The motion must be granted. We will always al-low an amendment, by adding new demises, where it appears that the lessors sought to be added have a subsisting legal ti-tle to the premises in question, on payment of costs.

Rule accordingly.

## THE PEOPLE *against* RICHARDSON, Clerk of WAYNE county.

TALCOTT, (Attorney General) having obtained leave of the Court, at a former term, to file an information, in the na-ture of a *quo warranto*, against the defendant, to try his right to the Clerkship of the county of *Wayne,* and having filed such information, now moved for a rule that the defendant enter an appearance, and plead in 20 days after service of a copy of the information, and the rule to be made, or that the Attorney General have leave to enter an appearance for him, and take judgment by *nil dicit.*

On filing an information in nature of a *quo war-anto,* the court granted a rule that defendant ap-pear and plead in 20 days af-ter serv ce of a copy of the information, and notice of the rule, or that the attor-ney general have leave to enter an ap-pearance for him, and take judgment by *nihil dicit.*

*Curia.* This not coming within the rules which apply to ordinary cases, and warrant proceedings of course, we think a special application proper, and grant the rule as applied for.

Rule accordingly.